UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| COUNCIL TOWER ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV1605 CDP |
| | ) | |
| AXIS SPECIALTY INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This insurance coverage dispute is before me a second time, after plaintiff dismissed its earlier suit without prejudice. Both times plaintiff filed suit initially in state court, and both times defendant removed, alleging diversity of citizenship. In this second suit, however, plaintiff has joined a non-diverse defendant, which ordinarily would defeat diversity jurisdiction. Defendants argue that this is a fraudulent joinder and that I should disregard the citizenship of the non-diverse defendant. I agree, and will deny plaintiff's motion to remand and will grant the non-diverse defendant's motion to dismiss.

Background

Plaintiff Council Tower Association (a Missouri citizen) owns and operates an apartment building in St. Louis. In mid-October, 2005, the lower seven floors of brick veneer on the outside of the building fell off. Council Tower filed a claim under its insurance policy with defendant Axis Speciality Insurance Company (a Connecticut citizen). Axis denied the claim on the basis that the loss was caused by faulty or inadequate design or construction, an exclusion under the policy. Specifically, Axis stated that the probable cause of the damage was "a failure of the anchor bolts connecting the steel shelf angles that supported the veneer . . . the anchor bolts were inadequate to withstand the weight of the brick veneer and were inappropriate in this application."[1]

Council Tower brought claims against Axis for breach of contract and vexatious refusal to pay, both in the original suit and in this suit.[2] Council Tower has now also sued Jim Vavak (another Missouri citizen), an independent insurance

---

[1] Both Council Tower and Axis have cited to material outside the pleadings. It is appropriate for me to consider this material in determining whether joinder is fraudulent. *See Petersen v. Rusch. Inc.*, 2006 WL 83492 (E. D. Mo. January 12, 2006); *Federal Beef Processors, Inc. v. CBS Inc.*, 851 F.Supp 1430, 1435-36 (D.S.D. 1994); *Parnas v. General Motors Corp.*, 879 F.Supp 91, 93 (E. D. Mo. 1995).

[2] The parties argue about whether the dismissal and refiling was proper. Plaintiff moved to dismiss without prejudice, and when defendant did not oppose the motion within the time allowed by local rule, I granted the motion. No. 4:07CV1858CDP. There is nothing improper or underhanded about this.

adjuster who inspected and reported on the damage, for intentional interference with contract and injurious falsehood. Council Tower's tortious interference with contract count alleges that Vavak falsely "reported . . . that the cause of loss was due to deterioration of mortar and faulty anchor bolts." (Petition, ¶ 20). Its count for injurious falsehood alleges that Vavak falsely stated "that the causes of the failure . . . were due to deterioration of mortar and that anchor bolts holding the wall were faulty." (Petition, Second ¶ 22). These allegations against Vavak arise from two reports he made about the loss, which plaintiff alleges, based on Vavak's deposition in the first case, are false.

In the first report, Vavak said that his initial investigation indicated that deterioration of mortar caused the loss. In his deposition, after much discussion and explanation that the comment about mortar was his initial impression, which turned out to be wrong, Vavak answered "No" to the following question: "I mean, was there any evidence that mortar was an issue when you wrote this?" In the initial report Vavak also stated that he was waiting for an engineer to inspect the damage.

After his initial report, Vavak hired an engineer, who concluded that the probable cause was a "failure of the anchor bolts connecting the steel shelf angles that supported the veneer."

Vavak then reported the engineer's conclusion that the cause of the loss was "an anchor bolt failure." In his deposition, again after much discussion and explanation, Vavak was asked: "And that's not accurate, is it?" to which he answered, "No, it is not." However, despite Vavak's statements in the deposition, the undisputed evidence – including that submitted by plaintiff, and including Vavak's testimony when it is read in context – shows that the bolts, in fact, failed. That is, they broke. *Why* they broke is an issue that goes to the merits of the insurance claim, but the fact that they broke (failed) is not disputed. Plaintiff's briefs acknowledge this fact, but plaintiff does not defend the fact that its petition alleges, without any factual basis, that Vavak said the anchor bolts were "faulty," instead of saying that they "failed."

Plaintiff argues that the deposition statements are admissions by Vavak that he made false statements in his reports, and that therefore Council Tower has a colorable claim against Vavak, so his joinder was not fraudulent. These arguments are not reasonable, and take the deposition statements completely out of context. While the parties devoted much of their briefs to arguments about whether independent insurance adjustors are agents of the insurance company, it is

not necessary for me to decide that issue.[3] That is because, under the evidence submitted by plaintiff, Vavak's statement to Axis about mortar deterioration was simply an initial opinion that was not relied upon by Axis in making its claim determination, and his statements about "failed" (as opposed to "faulty") anchor bolts were not false.[4] Council Tower lacks any reasonable basis in law or fact to bring claims against Vavak.

Discussion

Federal courts are courts of limited jurisdiction. *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, federal courts are authorized to hear cases only as provided by the Constitution and by statute. A party seeking to remove a case to federal court has the burden of establishing federal subject-matter

---

[3] There is authority in Missouri law for the proposition that an independent adjuster may be an agent of the insurance company, *see, e.g., Goralink v. United Fire and Cas. Co.*, 240 S.W.3d 203, 209 (Mo. Ct. App. 2007); *Galemore Motor Co., Inc. v. State Farm Mut. Auto Ins. Co.*, 513 S.W.2d 161, 166 (Mo. Ct. App. 1974). On the other hand, there is authority to the contrary. *See State ex rel. Cameron Mutual Ins. Co. v. Koehr*, 850 S.W.2d 374 (Mo. Ct. App. 1993) (independent adjuster not agent of insurance company for purposes of venue). These cases arose in different contexts, and each presented a fact question. Neither side has cited any Missouri authority, however, for the proposition that an adjustor could be held liable for giving preliminary opinions to the insurance company that hired him.

[4] The evidence submitted by the parties shows that Axis later received another report from the engineering firm, which stated its opinion that the bolts failed because they were not sufficient to hold the weight of the brick veneer. It was only after receiving that opinion that Axis denied the claim.

jurisdiction. *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

Under the doctrine of fraudulent joinder, a court may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat removal. *Commercial Sav. Bank v. Commercial Fed. Bank*, 939 F. Supp. 674, 680 (N.D. Iowa 1996). "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citations omitted). Put another way, "if there is a 'colorable' cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (emphasis in original) (citations omitted). A proper review gives "paramount consideration to the reasonableness of the basis underlying the state claim." *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006)(citing *Filla*, 336 F.3d at 810).

For Council Tower to recover on its claim for intentional interference with contract, it would have to prove: (1) a contract; (2) Vavak's knowledge of the contract; (3) intentional interference by Vavak inducing or causing a breach of the contract; (4) absence of justification; and (5) damages resulting from Vavak's

conduct. *See Howard v. Youngman,* 81 S.W.3d 101, 112-13 (Mo. Ct. App. 2002). A defendant induces a breach of contract if he actively and affirmatively takes steps to induce the breach, and the contract would have been performed absent interference from the defendant. *Tri-Cont'l Leasing Co. v. Neidhardt*, 540 S.W.2d 210, 216-17 (Mo. Ct. App. 1976).

For Council Tower to recover on its claim for injurious falsehood, it would have to show that Vavak published a "false statement harmful to the interests of another" and that Vavak knew his statement was false (or was reckless in making the statement) and either intended or knew or should have known that the false statement would harm Council Tower's pecuniary interests. *See Annbar Assocs. v. Am. Express Co.*, 565 S.W.2d 701, 706 (Mo. Ct. App. 1978) (citing RESTATEMENT (SECOND) OF TORTS § 623A (1977)). To prove causation, "a plaintiff must show that the defendant's false statement caused plaintiff's pecuniary loss." *Wandersee v. BP Prods. N. Am., Inc*. 263 S.W.3d 623, 630 (Mo. 2008)(citations omitted). The published false statement caused the loss if: "(1) it is a substantial factor in bringing about the loss and (2) there is no rule of law relieving the publisher from liability because of the manner in which the publication has resulted in the loss." *Id*. Under these standards, there is no chance that a Missouri court might find Vavak liable, and Council Tower does not have a reasonable basis in fact or law to

bring these claims against him.

Vavak's statement about mortar deterioration, even if false, did not cause Axis to deny Council Tower's claim. Vavak's first report stated that he was waiting for an engineer's investigation. Mortar deterioration is not mentioned by Axis in any denial letter; all communications from Axis regarding the denial state "anchor bolt failure" as the cause of loss. Vavak's preliminary opinion played no role in the denial of coverage, and it cannot be the basis for a claim against him.

Vavak's statement about anchor bolt failure was not false. "Anchor bolt failure" and "faulty anchor bolts" are two different things. Plaintiff's petition and initial briefs said that Vavak referred to the bolts as "faulty," but its responsive briefs, rather than discuss the distinction, simply switch to "failure" and argue that it was false. But the documents submitted by the parties, including the deposition portions submitted by plaintiff itself, show that Vavak never said the Anchor bolts were faulty. He said they failed, and there is no good faith basis for arguing that they did not fail. As stated above, the question *why* they failed, and whether that would be a covered loss, is the question that will be decided on the merits of the case. An essential element of a claim for injurious falsehood is that the statement be false, and even the evidence submitted by plaintiff shows that Vavak's statement about bolt failure was not false.

The tortious interference claim fails for another reason as well. Making a true statement in the course of one's business cannot be the basis for a tortious interference claim. Absence of justification is an essential element of a tortious interference claim. *Stehno v. Sprint Spectrum,* 186 S.W.3d 247, 252-53 (Mo. 2006). "If the defendant has a legitimate interest, economic or otherwise, in the expectancy the plaintiff seeks to protect, then the plaintiff must show that the defendant employed improper means in seeking to further only his own interests." *Id.* Vavak's job was to investigate and report to Axis on the cause of loss, and under the facts here, plaintiff cannot show lack of justification for any of the statements.

There is no reasonable basis, in law or fact, for Council Tower to bring this suit against Vavak. He was fraudulently joined to defeat diversity jurisdiction, and so I will deny the motion to remand. I will grant Vavak's motion to dismiss for the same reason. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (motion to dismiss should be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible of its face.").

As this case will remain in this court, I will today enter separately a Case Management Order based on the Joint Proposed Scheduling Plan filed by the parties on November 14, 2008, with some modifications. Any changes to that

order must be requested by joint motion within ten days.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#9] is denied.

**IT IS FURTHER ORDERED** that defendant Jim Vavak's motion to dismiss [#6] is granted.

_\[signature\]_
_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this <u>29th</u> day of December, 2008.