UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| COUNCIL TOWER ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV1605 CDP |
| | ) | |
| AXIS SPECIALTY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Both parties have filed motions related to discovery in this case: Plaintiff Council Tower has filed two motions to compel discovery and defendant Axis has filed a motion for a protective order. Council Tower seeks to compel Axis to answer interrogatory questions seven and twelve, which request information relating to other bad faith lawsuits and reserve information, respectively. Council Tower also seeks to compel Axis to answer deposition questions related to reserve information. Axis seeks a protective order for its upcoming 30(b)(6) deposition to prohibit Council Tower from asking questions related to 1) pay and performance criteria, pay incentives, and goals and objectives programs; 2) reserve information; and 3) claims handling practices, education programs, and information regarding other internal procedures and standards.

**1. Other Bad Faith Claims**

Council Tower seeks to compel Axis to answer interrogatory seven, which asks Axis to "identify any other claims for vexatious refusal to pay, bad faith refusal to pay or any other similar causes of action under the same or similar policy as Plaintiff's from 2002 to present." Axis objected on the grounds that the question was overly broad, vague, burdensome, and seeks information unlikely to lead to the discovery of admissible evidence. Further, Axis argues that existence of other bad faith claims is not relevant to whether Axis had reasonable cause to deny Council Tower's claim. Council Tower argues that this information is relevant as similar act evidence under Fed. R. Evid. 404(b) to prove Axis' intent or knowledge about its faulty investigative practices or defective claim handling.

I agree with Axis that the information requested in interrogatory seven is overly broad and burdensome. A request for all bad faith claims, regardless of their disposition, is nothing more than a fishing expedition. The costs, including the potential extra discovery and satellite litigation that would accompany such an expedition, far outweigh any potential benefits. However, if any bad faith claims against Axis have resulted in judgment against Axis, they may be relevant and are properly discoverable. I will compel Axis to provide the information requested – but only for those claims that have resulted in judgments against Axis on a bad faith basis.

## 2. Reserve Information

Council Tower also seeks to compel Axis to answer interrogatory twelve, which asks Axis to state the initial reserve amount set for Council Towers' claim, any and all dates the reserve was changed, and the amount the value was changed to. Council Tower also seeks to compel Axis to answer deposition questions related to reserve information. Council Tower deposed Francis Kenney, the company adjuster assigned to determine coverage at Axis, on March 11, 2008. During that deposition, Council Tower asked Kenney about reserve information. Axis' counsel objected to the line of questioning on relevance grounds, and instructed Kenney not to answer. Council Tower would like me to compel Kenney to answer questions related to reserve information (through additional written questions) or to order a future deponent (Ken Mullins, whose deposition was postponed pending my ruling on these discovery motions) to answer these questions during his deposition.

After considering both parties' arguments, I will compel Axis to answer interrogatory twelve, and to answer questions related to what reserves were established and when they were established (either through written questions to Kenney, or in Mullins' deposition). However, because I believe that the work-product doctrine covers information about the process of setting reserves – how and why they were set – Axis is not required to answer questions that seek this type of information. While I have concluded that the dates set and amounts of any reserves are discoverable, I do not conclude, at this point, that any reserve information will be

admissible at trial. Axis may object to the admission of this evidence at the appropriate time before trial.

Finally, Council Tower has argued that Axis' counsel acted improperly by instructing Kenney not to answer questions about reserve information, and has requested sanctions in the form of costs. While counsel for Axis did violate Fed. R. Civ. P. 30(c)(2) by instructing Kenney not to answer based only upon a relevance objection, given that it would have been proper based on a work-product objection, I choose not impose sanctions.

**3. Motion for Protective Order**

Axis seeks an order barring Council Tower from asking questions on certain topics during the upcoming 30(b)(6) deposition. I will grant Axis' motion for a protective order in part, and deny it in part. Council Tower may not ask questions related to pay and performance criteria, pay incentives, or goals and objectives programs. This information is not relevant nor is it likely to lead to relevant information. However, Council Tower may ask questions about the claims handling procedures and information regarding other internal procedures and standards. Council Tower has alleged that Axis failed to follow its own claim handling procedures, and this information is relevant to that allegation.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel interrogatory answers [#25] is GRANTED IN PART and DENIED IN PART. Defendant must

provide to plaintiff the information requested in interrogatory seven for those claims that have resulted in judgments against defendant based on bad faith allegations. Defendant must also answer interrogatory twelve, but is not required to provide information related to how and why the reserve numbers were set.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel deposition answers [#27] is GRANTED IN PART and DENIED IN PART. Defendant is ordered to answer questions related to reserve information, in accordance with the limitations imposed by this order. Plaintiff's request for costs is DENIED.

**IT IS FURTHER ORDERED** that defendant's motion for a protective order [#36] is GRANTED IN PART and DENIED IN PART. Plaintiff may not ask questions related to pay and performance criteria, pay incentives, and goals and objectives programs. Plaintiff may ask questions related to claims handling practices, education programs, and information regarding internal procedures and standards, and may also ask questions about reserve information, in accordance with the limitations imposed by this order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of April, 2009.