UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COUNCIL TOWER ASSOCIATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1605 CDP |
| ) | |
| AXIS SPECIALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This matter is before me on several motions. Plaintiff Council Tower seeks reconsideration of an earlier discovery order I entered. Council Tower also seeks to compel additional depositions because defendant's expert witness only recently produced what appears to be a draft expert report. Finally, defendant Axis's local law firm seeks leave to withdraw, but not yet. These motions are extremely confusing and reveal that the parties are using motion practice to negotiate between themselves about discovery disputes, rather than negotiating first and only filing motions if they cannot resolve matters, as required by the Federal and Local Rules. Counsel should consider themselves warned: I expect them to comply with the rules from this point forward, and I especially expect them to attempt to resolve their disputes reasonably and professionally, before involving the Court.

The motion to compel was apparently prompted by Council Tower's belief that Axis's witnesses must be lying about whether they obtained a draft report from their expert witness in August of 2006. Three other drafts had been produced, but there were unexplained references in the discovery to a report having been prepared around the end of August. The briefs before me show that the expert apparently did prepare some kind of draft report around that time, although it is not signed and it is dated in May instead of August. Axis has now produced two copies of that unsigned draft, which it apparently received from its expert only after the motion to compel was filed. There is no evidence that Axis received the unsigned draft in August or September of 2006, and Axis has presented sworn testimony that it did not. Council Tower, however, continues to insist that Axis's witnesses and lawyers must be lying.

In addition to producing what appears to be the expert's unsigned draft, Axis has offered to produce its expert for further deposition about this draft, but wants to limit the deposition to the creation of the draft and any differences between it and the other drafts of the report. Council Tower wants a more extensive deposition, and wants another deposition of the Axis witness who it thinks is lying about not receiving the unsigned draft from the expert. Council Tower also wants Axis to pay the full expenses – including Council Tower's attorneys fees – of these additional depositions, and suggests that it also thinks

additional discovery sanctions are in order. Both parties want me to conduct an *in camera* review of a privileged diary entry, apparently so I can confirm who is lying and who is telling the truth.

Axis's offer is sufficient, and Axis will be required to produce Mr. McIntyre for a further deposition about his recollection of this draft report and about any alleged differences between that draft and the later report. I do not believe that Axis has acted in bad faith or deliberately to obfuscate matters – after all, everyone was asking for a report from August, and this unsigned draft from the expert's files is dated May. There is no evidence that the document was ever received by Axis until now, and I do not believe any discovery sanctions are in order. I also see no reason to conduct any *in camera* review of anything. Axis will not be required to pay the costs of this second deposition.

Council Tower has also asked that I clarify and reconsider my April 30, 2009 order. I will deny Council Tower's request to specify a date for defendant to comply with my order as moot, because the date Council Tower requested has passed. I will give Axis ten days from the date of this order to reply to the interrogatories as specified in my April 30 order, if it has not already done so. Further, I will deny Council Tower's motion for reconsideration, given that Axis has agreed to answer Council Tower's first question about bonuses and incentives, and I will not order Axis to answer the second.

Finally, Axis's local counsel has filed a very strange motion to withdraw – asking to withdraw from the case *after* discovery, mediation, and motion practice are completed. Council Tower, naturally, opposes this motion, and says the law firm should withdraw now. I will deny this motion, as I see no point in agreeing in advance that a lawyer may withdraw later. I cannot tell from the parties' briefs if a conflict of interest exists. If it does, the firm obviously should withdraw now, and if it doesn't, the firm can stay or can withdraw whenever it wants, given that Axis has other counsel in the case. I do not, however, expect to change the schedule for this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [#39] is GRANTED IN PART and DENIED IN PART. Defendant is ordered to produce McIntyre for a second deposition as limited by this order. Plaintiff's motion is denied in all other respects.

**IT IS FURTHER ORDERED** that plaintiff's motion for clarification and reconsideration [#41] is DENIED. Defendant must answer the interrogatories specified in my April 30, 2009 order within ten days of this order.

**IT IS FURTHER ORDERED** that defendant's motion for leave to file a sur-reply [#45] is GRANTED.

**IT IS FURTHER ORDERED** that counsel's motion to withdraw [#46] is DENIED without prejudice.

**IT IS FURTHER ORDERED** that each party must bear its own attorneys fees and expenses of litigating these motions.

                                                                                              _____
                                                                                              CATHERINE D. PERRY
                                                                                              UNITED STATES DISTRICT JUDGE

Dated this <u>1st</u> day of June, 2009.